**FILED**

**DEC 9 - 2009**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~NANCY MAYER WHITTINGTON~~, CLERK
U.S DISTRICT COURT

SALEH ABDULLA AL-OSHAN, *et al.*,

*Petitioners*,

v.

BARACK H. OBAMA, *et al.*,

*Respondents*.

Civil Action No. 05-0520 (RMU)

**STIPULATION AND ORDER**

**WHEREAS**, on November 13, 2009, the Court entered an Order that requires, *inter alia*, an otolaryngologist (the "ENT specialist") to produce by December 16, 2009 a report (the "Report") articulating the medical benefits and drawbacks of the following options: (1) adhering to the current medical protocol, *i.e.*, keeping the Petitioner's feeding tube in place for periods of one or two weeks at a time with periods of "nasal rest" during which he is not fed; (2) delivering nutrition through a percutaneous endoscopic gastronomy ("PEG") feeding tube; and (3) any alternative long-term feeding options that the ENT specialist recommends.

**IT IS THEREFORE STIPULATED AS FOLLOWS:**

1. Dr. Sondra Crosby and an ENT specialist provided by Respondents will attempt to collaborate and prepare the Report in consultation with such medical professionals as they determine are necessary to evaluate the issues presented by the Court's November 13, 2009 Order.

2. Upon submission of a request, Respondents shall grant Dr. Crosby and her interpreter (the "Interpreter") all requisite permission and authorization to travel to Guantanamo Bay, Cuba on or about December 9, 2009, through December 13, 2009.

3. Upon submission of a request, on December 9, 2009, through December 13, 2009, or on such other dates as shall be agreed to by the parties (the "Examination Period"), Dr. Crosby and the Interpreter shall be given access to the Petitioner, Abdul Rahman Shalabi, at the Guantanamo Bay, Cuba detention facility, within operational constraints.

4. During the Examination Period, Dr. Crosby shall perform a comprehensive medical evaluation of Petitioner.

5. During the Examination Period, an ENT specialist to be designated by Respondents shall perform a comprehensive examination of Petitioner.

6. The ENT specialist and Dr. Crosby shall confer prior to the Examination Period about their respective examinations of Petitioner. The ENT specialist shall conduct such tests and create such records that are necessary to assist in the preparation of the Report.

7. The ENT specialist and Dr. Crosby shall examine Petitioner in the presence of the other; however, Dr. Crosby will be permitted to meet with Petitioner outside the presence of the ENT specialist prior to the examination to address with Petitioner appropriate medical history and the conduct and purpose of the examination provided for herein. Dr. Crosby shall provide a complete account of the discussions with Petitioner to the ENT specialist. The account of the pre-examination meeting shall be provided in person before the examination occurs. To the extent the Report is based upon information gleaned by Dr. Crosby during this consultation with Petitioner, such information shall be disclosed and identified clearly in the Report.

8. During the Examination Period, a member of the Joint Medical Group's behavioral health services staff shall perform an evaluation of Petitioner regarding his competency to make medical decisions for himself. After the examination, the professional will share his or her conclusions, to include making notes available, with Dr. Crosby and the ENT specialist. This evaluation will be contingent upon Petitioner's willingness to cooperate.

9. After Dr. Crosby and the ENT specialist conclude their examinations of Petitioner, they shall attempt to confer and collaborate in connection with the preparation of the Report. Among other things, both physicians shall disclose, as reasonably requested, to the other, all notes and records created during his or her examination of Petitioner, and shall make a good faith effort to share with each other any medically relevant conclusions or impressions formed in the course of the examination. To the extent that either physician disagrees with or is otherwise unwilling, in his or her professional judgment, to concur in any aspect of the Report, it shall be noted and discussed, as appropriate, in the Report or an appendix thereof. In the event Dr. Crosby and the ENT specialist cannot agree to one document, separate reports may be submitted.

10. Dr. Crosby and the ENT specialist shall be given access, as requested, to (1) all medical records pertaining to the Petitioner, including results of any laboratory and imaging tests conducted; (2) all records, medical or otherwise, pertaining to Petitioner's enteral feedings; and (3) all policies and procedures, or other information, relating to detainee medical and mental health care, as well as enteral feedings. Such information shall not be disclosed except to the extent permissible under the Protective Order entered in this case.

11. During the Examination Period and prior to the submission of the Report, Dr. Crosby and the ENT shall be permitted to speak with and interview Petitioner's internist and feed doctor, as well as a treating feed nurse familiar with Petitioner and his medical care, a treating corpsman familiar with Petitioner and his medical care, and behavioral health professionals with information regarding Petitioner's psychological condition. To the extent further interviews are necessary, they may be coordinated with the Joint Medical Group leadership during the Examination Period. Dr. Crosby and the ENT shall disclose to the internist and the feed doctor all notes and records created during their examinations of Petitioner, and shall make a good faith effort to share with them any medically relevant conclusions or mental impressions formed in the course of the examination.

12. Dr. Crosby, the ENT and the Interpreter shall be permitted to observe the Petitioner during an enteral feeding on Friday, December 11, 2009, in the ordinary course and at the normal location that his enteral feedings currently take place. In the event that Petitioner is not enterally fed on Friday, December 11, 2009, due to nasal rest, Dr. Crosby, the ENT and the Interpreter shall be permitted to observe the Petitioner during an enteral feeding on Saturday, December 12, 2009, in the ordinary course and at the normal location that his enteral feedings currently take place.

13. Prior to the submission of the Report, Dr. Crosby shall be permitted to consult with qualified medical and correctional professionals regarding her findings, but only to the extent permissible under the Protective Order entered in this case. Dr. Crosby shall disclose all such consultations in the Report and shall involve the ENT specialist in all such consultations.

14. In order to allow Dr. Crosby and the ENT sufficient time to confer and collaborate, the Report shall be submitted on or before December 23, 2009.

| | |
|---|---|
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | TONY WEST<br>Assistant Attorney General |
| /s/ Julia Tarver Mason<br>Julia Tarver Mason (NY0029)<br>jmason@paulweiss.com<br>Martin Flumenbaum (Bar No. 393210)<br>mflumenbaum@paulweiss.com | JOSEPH H. HUNT<br>Branch Director<br><br>TERRY M. HENRY<br>JAMES J. GILLIGAN<br>Assistant Branch Directors |
| 1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Tel: (212) 373-3000<br>Fax: (212) 757-3990<br><br>*Counsel for Petitioner* | /s/ Jonathan S. Needle<br>ANDREW I. WARDEN<br>STEPHEN FINN<br>JONATHAN S. NEEDLE<br>Attorneys<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue N.W.<br>Washington, DC 20530<br>Tel.: (202) 305-0037<br>Fax: (202) 616-8470<br><br>*Attorneys for Respondents* |

Dated: December 8, 2009

SO ORDERED this 9th day of December, 2009

　　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Ricardo M. Urbina
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge